UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL ADEYINKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:24-cv-01518 (UNA) |
| ) | |
| CHRISTOPHER FAGBOLU, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* application and, for the reasons explained below, dismisses the case under 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

Plaintiff, who appears to be a resident of Portland, Oregon,[1] sues an individual named Christopher Fagbolu, and a website referred to as "Perfect Privacy."  *See* Compl. at 1–4. Plaintiff provides little to no contact information for either defendant, stating only that Fagbolu resides in California, and Perfect Privacy is based in Jacksonville, Florida. *See id*. at 3–4. The contact information provided for the defendants falls well short of satisfying D.C. LCvR 5.1(c)(1).

Plaintiff's allegations fare no better. Relevant here, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Plaintiff does not provide a residence address, only P.O. Box address, which ordinarily contravenes D.C. LCvR 5.1(c)(1).  The Court notes, however, that plaintiff indicates that he is currently homeless, *see* Compl. at 7; therefore, it will grant him use of a P.O. Box address in this matter.

A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff alleges that, in 2003, defendants somehow prevented him from buying or renting an internet domain involving his last name, but no other cognizable information is provided. *See* Compl. at 5. Those allegations then broadly transition into rambling accusations of stalking, extortion, identity theft, and organized crime, *see id*. at 5, and later devolve into personal ruminations and non-sequiturs regarding use of "mocking voices," "unethical human extermination," "modern day monitoring" as "human trafficking," various prescription medications, state criminal charges in Texas, internet conspiracies, voting rights, and other federal cases filed by plaintiff, *see id*. at 7–11. He demands damages and equitable relief. *See id*. at 5, 10–11.

Simply put, plaintiff's allegations are frivolous, and the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). So a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. Plaintiff's

allegations are sufficiently fanciful to warrant dismissal under this standard. Even generously construing plaintiff's complaint, his allegations fail to rise above pure conjecture. *See Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996).

For all of these reasons, this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: July 22, 2024

TREVOR N. McFADDEN
United States District Judge